# EXHIBIT F

FINNERTY OSTERREICHER & ABDULLA

ATTORNEYS AT LAW

70 NIAGARA STREET, SUITE 411, BUFFALO, NEW YORK 14202-3407

716-340-2200   •   FAX 716-340-2300

KARIM A. ABDULLA
TELEPHONE EXTENSION 225
E-MAIL: kaa@foalegal.com

JOHN H. STENGER
1930-2002

June 3, 2021

Redbubble
111 Sutter St., 17th Floor
San Francisco, CA 94104
Attn: Content Operations Team and Legal Department

    RE:     Notice of Copyright Infringement, Reg. Copyright No. VA 2-189-607 (Subject: Photograph "*Mister Rogers and Francois Clemmons*," John H. Beale (1993)) and Reg. Copyright No. VAu 1-401-456 (Subject: Photograph "*Mister Rogers and Francois Clemmons With Child's Swimming Pool*," John H. Beale (1993)).

Dear Sir/Madam,

    My office, as attorneys for John H. Beale, creator and registered copyright holder of the iconic photographs titled "*Mister Rogers and Francois Clemmons*" and "*Mister Rogers and Francois Clemmons With Child's Swimming Pool*" ("Photographs" or "Copyrighted Works"), previously attempted to contact Redbubble's legal department by correspondence dated April 15, 2021. In that correspondence we advised that Mr. Beale: (a) reserved all rights with respect to the Copyrighted Works; (b) conscientiously has enforced his intellectual property rights in the Copyrighted Works; and (c) holds registered copyrights with respect to the Photographs. We provided Redbubble ("the Company") with links to reference photographs of the copyrighted works as well as a list of scores of infringing products which incorporated either unlicensed copies of the Photographs or unlicensed derivative works. Despite the egregious and blatant violation of Mr. Beale's intellectual property rights, we also, in good faith, offered to resolve the matter in both a reasonable manner.

    On May 7, 2021, I received an email response not from the Company's legal department, but, rather, Redbubble's "Content Operations Team." In the email, the Company advised that the infringing content had been removed. However, the May 7 correspondence did not specify what measures, if any, Redbubble has or will undertake to either remove (or prevent going forward) similarly infringing content, nor does it respond to (or even acknowledge) my client's settlement demand. Rather, it puts the onus on Mr. Beale to engage in a never-ending obligation to constantly search for and identify infringing content, all while Redbubble continues to market, sell, arrange

for the production of, and ultimately profit from, copyright violations. This is patently unacceptable.

By our April 15 correspondence, Redbubble was formally placed on notice that the Company's use of the Copyrighted Works and any derivatives thereof constitutes copyright infringement and is a violation of Mr. Beale's intellectual property rights. As we previously advised, Mr. Beale, pursuant to the federal Copyright Act, 17 U.S.C. § 101 *et seq.*, has the <u>exclusive</u> right to use, create, reproduce, display and distribute not only the Copyrighted Works but also any derivative works based upon same. *See* 17 U.S.C. § 106. As the Company is no doubt aware, an infringer of copyright is liable for damages in the form of actual damages to the copyright holder together with any additional profits of the infringer (*see* 17 U.S.C. §§ 504(a)(1) and 504(b)), or statutory damages (*see* 17 U.S.C. §§ 504(a)(2) and 504(c)). Moreover, willful infringers can be liable for statutory damages as high as $150,000.00 per infringement (17 U.S.C. § 504(c)(2)) as well as attorney's fees and costs (17 U.S.C. § 505). In the case, it appears that the Company continues to sell infringing products despite having been put on notice. *See, e.g.,* https://www.redbubble.com/i/sticker/Mister-Rogers-Be-a-Light-by-kaileymelichar/56061477.EJUG5 and https://www.redbubble.com/i/mask/In-A-World-Where-You-Can-Be-Anything-Be-Kind-by-VayneSpring/58177072.9G0D8.

**Please be advised that we are aware of the recent (February 25, 2021) decision from the United States Court of Appeals for the Sixth Circuit in the matter of *The Ohio State University v. Redbubble, Inc.,* No. 19-3388. In our view, the basis, rationale, and holding of the case are clearly very favorably to Mr. Beale should litigation ensue. In that event, please be advised that the reasonable settlement offer previously proposed by Mr. Beale will be withdrawn, and Mr. Beale will seek all available damages as well as attorney's fees. Given the number of previously identified infringing products (*see* my April 15 correspondence), it is expected that discovery in the event of litigation with be lengthy and time-consuming.**

We remain open to discussing the matter with your legal counsel. I appreciate your prompt attention and cooperation in this very serious matter.

Very Truly Yours,

*Karim A. Abdulla*
Karim A. Abdulla
